IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–00750–RPM–KMT

J.W. WILLIAMS. INC.,

    Plaintiff,

v.

ASPEN OPERATING, L.L.C.,

    Defendant.

---

# ORDER AND
# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This case comes before the court on plaintiff's "Motion for Entry of Default Judgment" [Doc. No. 11, filed June 17, 2008].

    On April 11, 2008, the plaintiff filed a Complaint ("Compl."[ Doc. No. 1]) alleging the defendant ordered a "Skid Mounted Natural Gas TEG-Type Dehydration Unit" from Plaintiff. (Compl. ¶8). Plaintiff claims it manufactured the unit and shipped it to Whitewater, Colorado at Aspen Operating, L.L.C.'s request. (Compl. ¶10). Plaintiff claims it had not received full payment for the unit as of the date of the Complaint. (Comp. ¶¶ 12-13). The plaintiff claims the invoiced price for the unit is $160,608.10 which includes shipping, but neither accrued interest nor accruing interest. (Compl. ¶14). Plaintiff asserts claims for breach of contract and unjust enrichment.

On April 21, 2008, Plaintiff filed a Return of Service showing service made upon "Aspen Operating, LLC by way of Craig Comozzi in Arapahoe County Colorado" at the address, "2040 West Hamilton Place, Englewood, Colorado, 80110." [Doc. No. 7]. The Complaint does not identify Craig Comozzi or specify what position, if any, he holds with respect to Aspen Operating, L.L.C. or why service upon him personally would be valid service for Aspen Operating, L.L.C. The Complaint states that the principle place of business for Aspen Operating, L.L.C. is Sheridan, Colorado (Compl. ¶2) and that it has a location in Mesa County, state unspecified (Compl. ¶6), neither of which are in Englewood, Colorado.

The court docket shows later reference to a Craig M. C**a**mozzi to whom, as part of Doc. No. 6, a certificate of service certifying that the Court Order Setting Rule 16(b) Scheduling Conference was mailed at "Aspen Operating, L.L.C. c/o Registered Agent Craig M. C**a**mozzi, 2040 W Hamilton Place, Englewood, CO 80110." [Doc. No. 9].

An Answer or other responsive pleading would have been due from Aspen Operating, L.L.C., assuming proper service, on or before May 5, 2008. *See* Fed. R. Civ. P. 12(a)(i). There being no Answer or other appearance of record for Aspen Operating, L.L.C., Plaintiff requested that default be entered against Aspen Operating, L.L.C. on June 13, 2008 [Doc. No. 8]. Attached to the motion for entry of default was the affidavit of Terry Cooper. [Doc. No. 8-4]. Mr. Cooper's affidavit reiterates the basic allegations of the Complaint and also states that on April 7, 2008, the plaintiff "received a partial payment from Aspen in the amount of $25,000.00." *(Id.* ¶7). None of the documents submitted with the motion for entry of default describe who Craig Camozzi/Comozzi is or what his position is with respect to Aspen Operating, L.L.C.

The Clerk of the Court entered default against Aspen Operating, L.L.C. on June 17, 2008; the certificate of service on the entry of default reflected mailing to Aspen Operating, L.L.C., c/o Registered Agent Craig M. Camozzi, 2040 W Hamilton Place, Englewood, CO 80110. [Doc. No. 10]. This mailing has not been returned undeliverable to the Clerk's Office.

In the instant motion, the plaintiff, albeit indirectly, describes Mr. Camozzi/Comozzi's role, stating, "On June 13, 2008, J.W. Williams requested an entry of default from the Clerk of this Court. The Entry of Default was filed on June 17, 2008, and notice was sent by the Clerk to Aspen's registered service agent." (Mot. ¶ 6.) It is unclear whether, however, the plaintiff knows that Mr. Camozzi/Comozzi is the registered agent for Aspen Operations, L.L.C. or whether the plaintiff is simply repeating what is on the Clerk's Office certificate of mailing, which was likely itself simply transcribed from the certificate of mailing filed by the plaintiff on April 21, 2008.

It is the plaintiff's burden to establish proper service on the defendant. *F.D.I.C. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992); *Lasky v. Lansford*, 76 Fed. Appx. 240, 241 (10th Cir. 2003) (plaintiff is required to submit evidence to meet its burden of proper service.) This court cannot ascertain if service upon a person named Craig Comozzi, as he is listed in the Return of Service, in a city not associated with the defendant in any pleading, is proper service on Aspen Operating, L.L.C. pursuant to Fed. R. Civ. P. 4(h) such that a grant of default judgment would be appropriate.

WHEREFORE, for the foregoing reasons, I respectfully

**RECOMMEND** that Plaintiff's "Motion for Entry of Default Judgment" [Doc. No. 11] be **DENIED** and that the plaintiff be Ordered to file proof of proper service upon Aspen Operating, L.L.C. within thirty days of the Court's Order.

FURTHER, it is hereby **ORDERED**

The status conference now scheduled for August 18, 2008 at 9:45 a.m. before Magistrate Judge Kathleen M. Tafoya is VACATED. **The status conference is re-scheduled for September 25, 2008 at 9:00 a.m.** in Courtroom C-205, Second Floor, of the Byron Rogers U.S. Courthouse, 1929 Stout Street, Denver, Colorado.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 8th day of August, 2008

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge